Shaw, Adm'r, v. Groomer.

————o————

THOMAS R. SHAW, ADM'R, ETC., of DANIEL GROOMER, SR., DEC'D, Appellant, *vs.* MARY JANE GROOMER, Respondent.

1. *Probate Court—Affidavit charging embezzlement of estate of deceased person, filed by one not shown to have interest—Affidavit in Circuit Court by administrator—Change in cause of action.*—Where one not shown to have any interest in the estate files an affidavit, charging another with embezzling the property of a deceased person, (Wagn. Stat., 85, § 7) the administrator cannot, on appeal of the case to the Circuit Court, appear there for the first time and file a new affidavit, and compel the party accused to proceed to trial thereon. Such action of the administrator would be the introduction of a new party and a change in the cause of action.

*Appeal from DeKalb Circuit Court.*

*M. A. Low, with John Conover,* for Appellant.

I. By appearing to the citation and submitting to an examination, the defendant gives the court jurisdiction of his person.

II. If the amendment was necessary, the court did not err in permitting the appellant to amend the affidavit.

The first affidavit was sufficient to notify, and it did notify, the defendant of the charge against her.

An affidavit for an attachment may be amended after an appeal from the judgment of a justice of the peace, and there is no good reason why an equally liberal practice should not obtain here.

*H. C. McDugall, with Strongs & Hall,* for Respondent.

I. The filing of the "amended affidavit" in the appellate court was a confession that the original affidavit did not state a cause of action; and was an abandonment of the original statement; and being made by another party in the appellate

court, was wholly unauthorized by law. (Price vs. Halstead, 3 Mo. 461; Dameron vs. Dameron, 19 Mo., 317; Howell's Ex'r vs. Howell, 37 Mo., 124; Powers vs. Blakely's Adm'r, 16 Mo., 437; Hook's Adm'r vs. Dyer, 47 Mo., 214. See also Webb vs. Tweedie, 30 Mo., 488; Hansberger vs. P. R. R. Co., 43 Mo., 196; Brashears vs. Strock, 46 Mo., 221.)

WAGNER, Judge, delivered the opinion of the court.

It appears from the record that one Burton made an affidavit stating that he had good reason to believe, and did believe, that the defendant had concealed in her possession and under her control, certain money belonging to the estate of Groomer, deceased, and that she refused to turn the same over to the administrator.

It is nowhere shown that Burton had any interest in the estate, or that he was authorized to make the affidavit according to the provisions of the statute. (Wagn. Stat., 85, § 7.)

The affidavit was defective in other matters, but a citation was issued and such proceedings were had in the Probate Court, that a judgment resulted in favor of the estate and against the defendant.

The defendant appealed to the Circuit Court, and in that court the administrator appeared, for the first time, and on his own motion filed a new affidavit, to which defendant objected and excepted.

Objections were then made to the introduction of any evidence in the cause; one of the principal reasons assigned therefor, being, that the filing of the affidavit by the administrator in the Circuit Court, was an abandonment of the said proceeding as originally instituted, and that the court had no authority or jurisdiction to hear and determine the cause on the second affidavit. The objection was sustained and the suit dismissed.

The only question presented for determination by the record is, whether the administrator could come into the Circuit Court, for the first time, and file an entirely new affidavit and compel the defendant to proceed to trial thereon. This ques-

tion must be answered by a construction of the statute, in reference to appeals in administration cases from the Probate or County Courts.

The statute provides that "upon the filing of such transcript and papers, in the office of the clerk of the Circuit Courts, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings in the court having probate jurisdiction." (Wagn. Stat., 120, § 8.)

New errors, defects or other imperfections in the Probate Court, are to be disregarded, but the same cause is to be tried anew in the appellate court, that was tried in the court of original jurisdiction. In one sense, so far as the subject matter was concerned, i. e. the money, the cause was the same. Except in cases in rem, however, subject matter alone does not confer jurisdiction. In personal actions, jurisdiction over the parties is indispensably necessary. The administrator was not a party to the original proceeding and had no agency in instituting the same. When he appeared and filed his affidavit, it was the introduction of a new party, and changed the character of the action. He could not connect it with the defective affidavit made previously in the court below, which seems to be conceded, was unauthorized. His affidavit, then, was the same as if it had been originally filed as the institution of a new proceeding, and it could not be made in an appellate court.

We do not deny the proposition that affidavits are amendable, where they are not absolutely void ; but this case has for its foundation a different basis.

The appeal is only allowed by the statute, and the trial and proceedings must be had in conformity with its provisions. A fair and just interpretation of the section permitting appeals, will not sanction the course of the plaintiff in this case.

Judgment affirmed ; the other judges concur.