POWERS, Plaintiff in Error, vs. BLAKEY'S ADMINISTRATORS, Defendants in Error.

1. Under sections 9, 10 and 11 of article 2 of the act concerning administration, (R. S. 1845,) a creditor of an estate cannot maintain an action in the County Court against the administrator for concealing or embezzling property of the estate.
2. Although the County Court has exclusive original jurisdiction of controversies respecting the duties of administrators, yet that jurisdiction can only be exercised in the manner prescribed by statute.
3. To give the County Court jurisdiction of a proceeding by a creditor against an administrator, for waste, under sections 1, 2, 3 and 4 of article 7 of the act concerning administration, (R. S. 1845,) it must appear that there is an insufficiency of assets returned by the administrator to pay all demands allowed against the estate.

*Error to Morgan Circuit Court.*

*Hayden*, for plaintiff in error.

It was competent for the County Court to entertain jurisdiction of the complaint against the defendants, as made by the plaintiff, Powers. Rev. Stat. 1845, tit. Courts, p. 331, 332, sections 13, 14. Ib. tit. Administration, sections 2, 4, 5, 9, 10, 11 and 45. Art. 7, same title and book, section 9, p. 105. Eng. Ecc. Rep. vol. 1, 78, 79, 81, 82. 15 Mo. Rep. 313, 314 and 315, *Overton* v. *McFarland.*

*Gardenhire*, for defendants in error.

The court below did right in dismissing the cause.

The affidavit and proceedings against the defendants are based upon the ninth, tenth, eleventh and twelfth sections of the second article of the administration act. These provisions contemplate proceedings *by* administrators, and not *against* them. They are intended to aid administrators in collecting estates, not to coerce them to inventory and account for them.

A County Court has no power to compel an administrator to inventory and account for property. It is not for the County Court to determine what property belongs to an estate. This must be determined by an administrator, under his official oath and bond. If his determination be wrong, he is liable only upon his oath and bond. The County Court cannot arbitrarily force him to inventory property which he may not believe belongs to the estate, and swear to an inventory made out, not by himself, but by the court.

GAMBLE, Judge, delivered the opinion of the court.

1. The proceeding instituted in the County Court, by Powers against McElwrath and Blakey, who are administrators of Blakey, deceased, is founded upon a misconception of the meaning of sections 9, 10 and 11 of the second article of the act concerning administrators, Rev. Code, 74. These sections authorize an executor or administrator, or other person interested in an estate, to proceed in the county court against any person who has concealed or embezzled any of the effects of the deceased, and authorize the County Court to compel the appearance of the party charged, and to hear and determine the complaint. The eleventh section provides for a trial, when the person charged " denies the right of the executor or administrator" to the property alleged to be concealed or embezzled, and directs a judgment to be rendered " according to right." Powers attempted to use the proceeding under these sections, against the administrators themselves, alleging that they had embezzled several slaves of the intestate, and had

failed to inventory them, and that he was a creditor of the estate. The County Court not only entertained jurisdiction of the proceeding, but gave judgment that the administrators should make and file an inventory of the slaves within ten days. The case was taken to the Circuit Court by appeal, and the proceeding dismissed for want of jurisdiction in the County Court. It comes here for a review of the action of the Circuit Court.

There can be no doubt that the sections of the statute before mentioned contemplate a proceeding, by which property of a deceased person shall be taken from the hands of one who has concealed or embezzled it, and be put into the hands of the executor or administrator, and the language of the sections, as well as the object of the proceedings, forbid the idea that it can be employed against the administrator himself.

2. The position has been assumed that the County Court, under the thirteenth section of the act establishing courts, Rev. Code, 331, has the exclusive original jurisdiction " to hear and determine all disputes and controversies respecting the duties of executors, administrators or guardians ;" and, under the fourteenth section of the same act, has the power to cause to come before it all persons, who, as executors, administrators, guardians, or otherwise, may be accountable for any lands, tenements, goods or chattels belonging to the estate of any deceased person, and may examine every person, on oath or affirmation, touching any matter of controversy, before it ; and that these sections authorize the proceeding in this case. It may be admitted that the exclusive original jurisdiction of controversies, respecting the duties of administrators, is vested by the thirteenth section, in the County Courts. In fact, it has been so decided by this court. But the mode of exercising that jurisdiction is not left to the discretion of those courts, to be applied in such cases as they may think proper. It is a jurisdiction to be exercised under the direction of the law. The duties of an executor or administrator are very numerous and varied, extending from the time the letters are granted to

the final settlement of the estate, and provision is expressly made in the statute for compelling the performance of some of them. The County Court is directed "to examine inventories, appraisements and sale bills filed since their last term, to see if they have been made and filed *according to law*, and to issue citations to compel all delinquents to comply with the law." Rev. Code, 79, section 45. The court may compel the settlement of accounts and the performance of many other duties, under the direction of the provisions of the statute ; and under the thirty-third section of the Revised Code, page 67, an executor or administrator, "who has become incapable or unsuitable *to execute the trust* reposed in him, or who has failed to discharge his official duties," may be removed by the revocation of his letters in the mode prescribed in that section. But there is no section of the act which authorizes the County Court to proceed against an administrator, upon a charge of embezzling property belonging to the estate, made as this charge was. There is an entire article of the statute, (the seventh,) which regulates proceedings against executors, administrators and their securities, as well in the County as in the Circuit Court, but the present proceeding is not under that article. In the exercise, then, of the general jurisdiction conferred by the thirteenth section of the act establishing courts, the County Court is to be governed by law, and the law must prescribe the mode of its exercise. It is supposed that the case of *Overton* v. *McFarland*, 15 Mo. Rep. 313, is an authority for the exercise of the jurisdiction here claimed, and for the mode of proceeding here adopted. In that case, a creditor of an estate commenced a proceeding in the Circuit Court, in the nature of a bill in chancery, against the administrator of the estate, alleging the failure of the administrator to inventory certain slaves, and praying that he be compelled to return them as the property of the intestate, and administer them as such. The question decided in that case is, that the Circuit Court had not jurisdiction, and could not give the relief sought. The language employed is this : "Here

the administration is still in progress in the County Court, and that court is competent to hear and determine the controversy respecting the duty of the administrator in relation to the property mentioned in the petition, and has exclusive original jurisdiction of such question." It is obvious that this language applies only to the question of jurisdiction, and gives no intimation as to the mode in which it is to be exercised. The grant to the County Courts of exclusive original jurisdiction of any subject, will deprive other courts of original jurisdiction over that subject, although the mode in which the County Courts are to exercise the jurisdiction, may be difficult or circuitous. Although the relief sought in *Overton* v. *McFarland* was precisely that sought here, and although it was decided that the Circuit Court had not original jurisdiction of the controversy, and that the County Court had such jurisdiction, yet the mode in which the County Court is to exercise the jurisdiction is to be sought in the statute conferring powers upon that court.

3. In the present case, a creditor endeavors to obtain from the County Court an order requiring the administrator to return certain slaves as the property of the intestate and administer them as such. A creditor is entitled to have his demand paid if there be sufficient assets, and there his interest in the estate ends. He is entitled to have the administrator removed for unfitness to discharge his duties, or for failure to discharge them. After a settlement by the administrator, in which the assets appear to be insufficient to pay the debts, a creditor is entitled to suggest that the administrator has not made a just account of the assets in his hands, and upon establishing the fact, to recover judgment against him for the amount wasted. Art. 7, sections 1, 2 and 3. Although it is alleged by the present party that he is a creditor of the estate, it does not appear that there is any insufficiency of assets returned by the administrator to pay his and all other debts.

No clause is found in the statute, authorizing the application

28—VOL. XVI.

made by this creditor, and, therefore, the proceeding was rightly dismissed by the Circuit Court.

The judgment, with the concurrence of the other Judges, is affirmed.