DAMERON'S ADMINISTRATOR, Plaintiff in Error, *vs.* DAMERON, Defendant in Error.

19 317
52a 667

1. The proceeding under sections 9, 10, 11 and 12, of article 2 of the act concerning administration, is not applicable, where the party detaining the effects has parted with the possession before complaint filed.

*Error to Randolph Circuit Court.*

This was a proceeding founded upon sections 9, 10, 11 and 12, of article 2 of the act concerning administration, (R. C. 1845,) commenced in the county court against the defendant for concealing and embezzling effects belonging to the estate of the plaintiff's intestate. On the trial, it appeared that, if the defendant ever had any effects belonging to the estate in his possession, he had parted with the possession before the institution of this proceeding, and the court instructed the jury that, if such was the case, they could not convict him. The plaintiff appealed.

*J. Davis,* for appellant, contended that the proceeding under the statute was applicable, whether defendant had parted with the possession or not.

*Clark,* for defendant in error, was stopped by the court.

GAMBLE, Judge, delivered the opinion of the court.

1. The proceeding under the ninth and subsequent sections of the second article of the administration act, which is designed to compel the surrender of the effects of deceased persons to the executor or administrator, is an extraordinary remedy, which is not to be employed in other cases and for other purposes than those which are clearly within the act. The person charged with concealing or embezzling the effects is to be cited before the county or probate court, examined on oath and compelled to answer. If he denies the right of the executor or administrator to the property or effects in his possession, the

right is to be tried in a summary manner. If, upon the examination or trial, the person charged is convicted of *unlawfully detaining* the effects, the court may compel the delivery thereof by attachment. (R. C. 74, 75.)

All other remedies for the recovery of the effects from the hands of the person detaining them, were open to the executor or administrator, when this provision was made in the administration act, and were not affected by the act allowing this remedy. It was intended, in a summary manner, without expense or delay, to take from a person embezzling or concealing the effects of a deceased person, the articles actually in his possession, and turn them over to the representative of the deceased. The process by which this is to be effected is, to attach the person unlawfully detaining the effects, and to confine him until they shall be delivered, and this is the only mode of rendering the proceeding successful.

It would seem to be quite obvious, as well from the language, as the apparent design of the act, that this proceeding is not to be used where the person charged with unlawfully detaining the effects, has really no possession of or control over them, at the time the complaint is made against him. In such case, the attachment and imprisonment of his person cannot result in the delivery of the articles to the executor or administrator, and the imprisonment, if allowable at all, is allowable for his whole life. At least, it is easy to imagine a case in which a person has had in his possession property of a deceased person, and has so parted with the possession that it is utterly impossible he should ever regain it. If, in such case, he is to be imprisoned until it is delivered, he must be imprisoned for life.

In the present case, it is not doubted that the defendant had parted with the possession of the property which belonged to the intestate, before the commencement of the present proceeding, and therefore, he was not liable to be proceeded against under the administration act.

The judgment of the Circuit Court is, with the concurrence of the other judges, affirmed.