JOHN C. HOWELL, EXECUTOR OF NEWTON HOWELL, Appellant, *v.* ADELIA A. HOWELL, Respondent.

1. *Administration — Concealing Assets.*— The provisions of the statute, R. C. 1855, p. 130, §§ 10 & 11, apply only to cases where the person charged with concealing or embezzling the assets, has the goods in actual possession at the time of the commencement of the proceedings. If the property has passed from the possession of the person so charged, the common law rights of action still remain to the executor, but he is precluded from further prosecuting the statutory remedy, because it would be unavailing.

2. *Evidence—Hearsay.*—The declarations of one who is a competent witness at the trial are not admissible in evidence.

3. *Evidence—Presumption.*—If it be shown that a party has possession of the assets of an estate after the death of a testator, the law presumes that such possession is continued, until the contrary is proven.

4. *Practice—New Trial—Newly Discovered Evidence.*—A party applying for a new trial, upon the grounds of newly discovered evidence, or of surprise by the evidence given by his own witnesses, must show that he has used due diligence or care to direct the attention of the witnesses to the particular point of their testimony.

### *Appeal from St. Charles Circuit Court.*

*Lewis,* for appellant.

I. The court erred in refusing to grant a new trial on the showing made of material mistake in the witnesses McKinney and Speed. The appellant was entitled to have his case tried with the full benefit of their corrected testimony. All the requisites of an application for new trial on that ground are presented in the affidavits, and it was the imperative duty of the court to set aside the verdict. (1 Gra. & Wat. New Trials, 217–9; D'Aguilar v. Torbin, 2 Mar. 265; Inhab. of Warren v. Inhab. Hope, 6 Greenl. 479; Richardson v. Fisher, 1 Bingh. 145; De Guion v. Dover, 2 Anst. 517.)

II. The court erred in excluding the testimony offered by plaintiff in rebuttal, to show Ferris' disclaimer of ownership. It was a declaration accompanying the act of possession, and explanatory of that possession, and was therefore admissible. (Yarborough v. Arnold, 20 Ark. 592; 1 Greenl. Ev. § 109; 1 Phil. Ev., C. H. & E., 192–201; Muns v. Sturdevant, 23 Ala. 666; Overseers v. Overseers, 2 Caine, 106; Willis v. Farley, 3 Car. & P. 396; Oden v. Stubblefield, 4 Ala. 426.)

*W. A. Alexander,* for respondent.

This suit was brought under section 7, article 2, of the Administration law, R. C. p. 130. None of the articles claimed in the affidavit were proven to be in possession of the defendant at the time of the commencement of this proceeding. This kind of an action will not lie, unless the party charged with concealing the articles has them in his possession or under his control at the time the affidavit is filed in the County

Court. (R. C. § 7, p. 130; Dameron's Adm'r v. Dameron, 19 Mo. 317.) This is a penal statute, and must be construed strictly against appellant. Section 11, page 130, says, "If any person be convicted of unlawfully detaining such goods," &c., "the court may compel the delivery thereof by attachment."

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding instituted in the County Court of Warren county under section 7, page 130, of the Revised Statutes of 1855, by the appellant, as executor of Newton Howell, deceased, to recover certain personal property which he alleged belonged to his testator, and was embezzled and concealed by the respondent, the testator's widow. The matter was investigated before a jury in the County Court, and they rendered a verdict in behalf of the appellant for a part of the articles charged to have been embezzled and concealed.

The respondent appealed to the Circuit Court, and then removed the case to St. Charles county by change of venue. Upon a trial in the Circuit Court in that county, the respondent had a verdict and judgment in her favor, and an appeal was taken to this court. In the court below a great deal of contradictory evidence was submitted to the jury, and as they were the proper judges to determine what weight should be given to it, their finding will not be disturbed unless the court admitted that which was illegal and incompetent, or misdirected them in regard to the law.

It is insisted that the court erred in excluding Ferris' declarations, disclaiming any title in the property. The settled doctrine is that the declarations in disparagement of the title of the declarant is admissible as original evidence, and Professor Greenleaf says that "no reason is perceived why every declaration accompanying the act of possession, whether in disparagement of claimant's title or otherwise qualifying his possession, if made in good faith, should not be received as part of the *res gestæ*, leaving its effect to be governed by other rules of evidence." But this principle is

applicable only when the party making the declarations is a party to the suit in possession of the property which is the subject matter of this action. So far as Ferris was concerned he was a competent witness, and his declarations were mere hearsay. The declarations of the testator as to the wife's ownership was incompetent and improper evidence and ought to have been excluded; but as there was other legal evidence on the same point on which the jury might have based their verdict, we will not reverse the case for this error alone.

The first instruction given by the court of its own motion, was to the effect that if the jury believed from the evidence that at and after the death of Howell, the testator, the defendant had in her possession and under her control any of the assets mentioned, and the appraisers were unable to find them when the executor went to take charge of the estate, then the plaintiff had made out a *prima facie* case, and it devolved on the defendant to introduce rebutting testimony to exonerate her from liability. This was exceedingly favorable to the appellant, and the law would not have warranted the court in going beyond it. The fact that she had assets in her possession at and subsequent to the death of the testator, raised a presumption that they still continued in her possession or under her control, but a presumption that was disputable in its nature, and the instruction cast the *onus* of proof on her to show that its possession had been parted with.

The second instruction is in accordance with the statute, which was never intended to apply only in case the person charged with concealing or embezzling the goods had them in actual possession at the time of the commencement of the proceedings. (Dameron v. Dameron, 19 Mo. 317.) The statute was passed with the view of furnishing an expeditious and summary remedy against any person who might either by concealment or embezzlement detain the effects belonging to an estate. If the property had passed from the possession of the person so charged, the remedy afforded by attachment would be powerless. All the common law rights of action still re-

main to the executor or administrator, but he is precluded from further prosecuting this statutory proceeding, because it would be unavailing.

One more point made by the appellant is, that a new trial should have been granted, because he was surprised by two of his witnesses testifying differently in the St. Charles Circuit Court from what they did in the County Court of Warren county. The affidavit of the witnesses was filed, stating that upon reflection they believed they were mistaken as to one matter deposed to in the trial, and that their testimony was different in the County Court. We perceive no sufficient grounds for disturbing the judgment on this account. It does not appear that any efforts were made to refresh the minds of the witnesses, or direct their attention to that particular point. There is a total want of that diligence manifested which is always required of a party to entitle him to the interposition of this court. Besides, from a careful inspection of the evidence, as contained in the bill of exceptions, we do not think that rectifying the mistake in question would change the result; and without it clearly appears that a different result would probably be produced, a new trial will not be granted. (State v. Locke, 26 Mo. 603.)

The judgment is affirmed. The other judges concur.