AUSBIN STEWART, Appellant, vs. JAMES M. GLENN, ADM'R OF THOMAS GLENN, DEC'D, Respondent.

1. *Practice, civil—Affidavit—Amendment of—Embezzlement of notes.*—In suit against an administrator, for embezzling notes, given by him to the deceased, the court may, in its discretion, refuse to permit plaintiff to file an amended affidavit, embracing, in his charge, other and different notes, the evidence showing no injury resulting to plaintiff by reason of such refusal.

| 58 481 |
| 56a 539 |

31—VOL. LVIII.

Amendments should always be permitted on such terms as may be imposed, unless the applicant has been guilty of *laches.* But in all such cases, a large discretion must be given to the court.

2. *Evidence—Admissions of deceased persons, when competent.*—Statements of deceased persons, when in the nature of admissions, or made in connection with and in explanation of acts of the deceased, are competent evidence.

3. *Administrator—Testimony of, as to embezzlement of notes of deceased—Witness act, etc.*—In suit against an administrator for embezzling and failing to inventory notes, given by him to the deceased, the administrator is not incompetent under the statute (Wagn. Stat., 1372–3, § 1). The issue in such a case is not a contract to which the deceased was a party, but the receipt and embezzlement or concealment of the notes by defendant.

4. *Administrator—Embezzlement of notes by—Notes must be in possession of—Constr. Stat.*—Under the statute (Wagn. Stat., p. 85, §§ 7, 8, 10, and 11) an action against an administrator, for concealing and embezzling notes, will not lie, unless they are in his possession at the commencement of the proceeding.

## *Appeal from Montgomery Circuit Court.*

*W. L. Gatewood,* for Appellant.

I. The court below erred in refusing to allow plaintiff to amend his affidavit, after appeal to Circuit Court, changing the affidavit in 'amount only and not in form; (Wagn. Stat., p.1034, §§ 3, 4 and 5 ; Martin vs. Martin, 27 Mo., 227;) 2nd. in admitting the defendant to testify as to settlements made with his father, and payments made to him previous to his death ; (Wagn. Stat., p. 1372, § 1 ; Stanton vs. Ryan, 41 Mo., 510 ;) 3rd. in admitting the declaration of deceased as to what disposition should be made of the notes. (Howell's Adm'r vs. Howell & Co., 37 Mo., 124 ; Perry's Adm'r vs. Roberts, 17 Mo., 31, 40 ; Gibson vs. Gibson, 24 Mo., 227 ; Cawthorn vs. Haynes, 24 Mo., 236.)

*Carkener, Powell & Hughes,* for Respondent.

I. The declarations of Thomas Glenn, deceased, against his interest, and tending to show that the notes were paid off, were admissible, while those tending to show the contrary were not. A man's statements against his interest are always admissible, but he cannot manufacture evidence in his own favor. The distinction is as old as the law. (Hart vs. Hart, 41 Mo., 441; Wynn vs. Cory, 48 Mo., 346.)

II. James Glenn was a competent witness. The issue was one of embezzlement. The charge is made by a party living against one who is living. (Tingley vs. Cowgill, 48 Mo., 291; Looker vs. Davis, 47 Mo., 140; Fugate vs. Pierce, 49 Mo., 441; Manufacturer's Bank vs. Schofield, 39 Vt., 590.)

III. This is a statutory remedy for the recovery of specific personal property, and it devolves on the plaintiff to prove that it was in the possession of the defendant, or under his control. (Dameron vs. Dameron, 19 Mo., 317; Powers vs. Blakey, Adm'r, 16 Mo., 437; Howell's Adm'r vs. Howell, 37 Mo., 124.)

VORIES, Judge, delivered the opinion of the court.

This proceeding was commenced in the Probate Court in Montgomery county, against the defendant, who was the administrator of the estate of Thomas Glenn, deceased, charging him with embezzling, concealing and failing to inventory certain notes held by the deceased at the time of his death, against said defendant, and which formed a part of the assets of said estate.

A judgment was rendered in favor of the defendant in the Probate Court, from which the complainant, who it is admitted is interested in the estate, appealed to the Montgomery Circuit Court.

A trial was had in the Circuit Court before a jury. The jury found for the defendant, and judgment was again rendered in his favor. The complainant filed a motion for a new trial, which being overruled he appealed to this court.

On the appearance of the parties in the Circuit Court, the complainant asked leave of the court to file an amended affidavit to more particularly describe the notes named in the original affidavit, and also to include other notes not before named, and which had been ascertained since the trial in the Probate Court. The court permitted the amendment, so as to give a more particular description of the notes named in the original statement and affidavit, but refused to permit the complainant to amend his complaint so as to include any ad-

ditional notes not before named: to which refusal of the court the complainant excepted.

The sworn statement or affidavit, upon which the trial was had, charged that the defendant, as administrator of Thomas Glenn, deceased, had concealed or embezzled, or had in his possession and under his control, and had failed to inventory or account for, certain notes belonging to said estate, to-wit: one note for $260, given by defendant to deceased, dated in the year 1864, and one note for $140, dated, etc., given by defendant to said deceased, with interest, etc.; that said defendant, as administrator of Thomas Glenn, deceased, had failed and refused to account to the Probate Court of Montgomery county for the same, and now has them in his possession, or under his control, and fails to inventory the same.

The complaint or affidavit was denied by the defendant.

The evidence on the part of the plaintiff tended to prove the facts stated in the affidavit, and the evidence on the part of the defendant tended to prove that the notes named in the affidavit had never come into the hands of the defendant as administrator of said estate; and that he knew nothing of them since the death of the deceased. It is not disputed that the deceased just before his death, held such notes on the defendant, but defendant testifies that the amount of the notes had been paid except as to a balance of $260, and insists that his father had intended to cancel said notes, and not to exact the payment of the balance due thereon, and that no such notes were found after the death of deceased; but as to the intention of deceased to cancel or destroy the notes, the evidence is conflicting. It is shown that the deceased lived at the house of defendant, and his papers were there only a few days before his death, including these notes.

There were several exceptions taken to the admission and exclusion of evidence on the trial, which are not deemed to be material to the investigation of this case. We will therefore only notice those objections to evidence which go to the merits of the case.

The plaintiff proved by a witness, that he had seen the notes described in the affidavit in the possession of the deceased, a short time before his death. The defendant in the cross-examination of said witness, asked the witness as follows: "What did the old man say about James paying the notes?" The plaintiff objected to this evidence for the reason that the statements of deceased as to the payment of the notes, or as to his intention to collect the same, were not competent or material evidence. This objection was overruled, and the plaintiff excepted. The witness stated that deceased had said that he held the notes against James, but that he did not intend that James should pay the notes, as he had been taken care of by James and his wife, etc.

The defendant was offered as a witness on his own behalf. The plaintiff objected to his testimony on the ground that he was not competent to testify against the deceased, or in this case. The court overruled the objection and the defendant was permitted to testify in the cause, to which the plaintiff excepted.

After the defendant had proved that the deceased in his life-time had stated that he did not intend to collect the notes from defendant, the plaintiff offered to prove statements of the deceased, made at other times, in which he had expressed a different intention. This evidence was objected to and rejected by the court and the plaintiff excepted.

At the close of the evidence, the court gave the jury several instructions to which no objections were made; but refused to give the jury the following instruction: "The jury are instructed that if they believe from the evidence in this case, that the defendant James M. Glenn is and has been the only administrator on the estate of said Thomas Glenn deceased, and that said Thomas died intestate and the holder and owner of the notes or either of them described in plaintiff's affidavit herein filed; and that said James M. Glenn made and executed said notes or either of them, and knew or had just cause to believe that said Thomas Glenn died the holder and owner of the same, and further find that the said

James M. Glenn, as administrator, did not nor has caused the same to be inventoried as the other property or indebtedness of said estate, then your verdict should be for the plaintiff, although you may further believe from the evidence, that said notes, after the death of said Thomas, did not come into the actual possession of said defendant." To the refusal of the court to give this last instruction the plaintiff excepted.

The court then, at the instance of the defendant, and notwithstanding the objections of the plaintiff, gave the jury the following instruction: "The jury are instructed that this is a proceeding under the administration law, denominated Embezzlement, and instituted upon the affidavit of Stewart for the recovery of certain specific personal property, viz: Two notes alleged to belong to the estate of Thomas Glenn, deceased, and to be in the possession of the defendant James Glenn; and in order to maintain this proceeding, the property alleged to have been embezzled, must have been in existence in kind and in the actual possession of the defendant at the time of the filing of the affidavit on the 5th day of August, 1872, or since deceased's death, and unless the jury believe from the evidence, that the notes specified were in existence in kind, and were in the actual possession of the defendant at said date, they must find the defendant not guilty."

There were other instructions given on the part of the defendant and others refused on the part of the plaintiff, but those copied are sufficient to show the theory on which the case has been argued here on the part of the respective parties.

The first ground of objection urged in this court is, that the court erred in refusing to permit the plaintiff to file an amended affidavit embracing other and different notes than those described in the original affidavit. Our statute is very liberal on the subject of permitting amendments, and we think that whenever an amendment is asked by either party during the progress of a cause, and facts are made to appear showing that the interest of the party asking for the amendment, requires that the amendment should be made, the court should

always permit the amendment on such terms as would be just to the adverse party, unless the party asking for the amendment has been guilty of laches on his part; but in all such cases a large discretion must be given to the court to which the application is made whose duty it is to see that no injustice is done to either party if it can be prevented. (Martin vs. Martin, 27 Mo., 227; Wagn. Stat., 1034, §§ 3, 4 and 5.) In the present case we cannot see, from the whole record in the case, how the plaintiff has been injured by the refusal of the court to permit the amendment, as the evidence offered on the claims which the plaintiff sought to insert in the affidavit could not have changed the result of the case.

It is next objected that the defendant was permitted to give in evidence, statements made by the deceased at the time at which plaintiff had proved by the same witness that the deceased had the same notes in his possession. This evidence was admissible. The evidence consisted of statements made by the deceased in reference to notes which were then in his possession. The plaintiff had proved by the witness that the deceased had shown the witness the notes, and it was certainly proper that the witness should state what was said by the deceased about the notes at the time. It was attempted by the plaintiff to prove by circumstantial evidence, that the notes remained at the time of the death of the deceased, and that they had come to the possession of the defendant. The statements of the deceased as shown by the evidence had some tendency, although it might be but slight, to rebut the presumption that the notes had remained at the death of the deceased and came into the possession of the defendant. (Hart vs. Hart's Admr., 41 Mo., 441; Wynn vs. Cory, 48 Mo., 346.)

It is next insisted by the plaintiff that the defendant was an incompetent witness, and that the court erred in receiving his evidence. This objection is predicated on the first section of our statute concerning witnesses. (Wagn. Stat., 1870, p. 1372.) The statute permitting parties to testify in their own behalf, is as follows: "Provided, that in actions where one of the original parties to the contract or cause of

action in issue and on trial is dead or insane, the other party shall not be admitted to testify in his own favor."

Now the question is, what was the cause of action in issue and on trial in this case? The real matters in issue were whether certain notes described in the affidavit, which was the foundation of the proceeding, had ever come to the possession of the defendant as administrator of his father's estate, and whether he had concealed and embezzled the same? There was really no contract in issue to which the deceased was a party. It is true, that it was necessary to prove that the notes once existed; but no contract was in issue to which the deceased was a party. If the notes were in existence at the time of the death of the deceased, and came into the possession, or under the control of the defendant as his administrator, these things must have happened after the death of the deceased, and in the nature of things, the deceased could not have been a party to these transactions. The defendant was certainly competent, under the statute, to testify to these material facts in the case. Whether he also testified to facts that he had no competency to testify to, we are not called upon to decide in this case. The objection to the witness was a general one as to his competency, and as he was clearly competent to testify to the main facts in issue, the objection to his general competency was properly overruled.

The last and principal point in this case, grows out of the instruction given by the court on the part of the plaintiff. Must the notes named in the plaintiff's affidavit have existed in fact, and have been in the possession of defendant at the time of the commencement of the proceeding? is the question in the case. The court instructed the jury, that these facts must exist in order to authorize a recovery in the case, and this action of the court is the main ground insisted on for the reversal of the judgment.

By the 7th section of the 2nd article of the act concerning administration, (Wagn. Stat., 85,) it is provided as follows: "If the executor or administrator, or other person interested in any estate, file an affidavit in the proper court, stating that the

affiant has good cause to believe, that any person had concealed or embezzled any goods, chattels, money, books, papers or evidence of debt of the deceased, and has them in his possession or under his control, the court may cite such person to appear before them, and compel such appearance by attachment, and examine him and other witnesses on oath, for the discovery of the same."

The 8th section of the same act provides; that "If any person interested in any estate, file a like affidavit against an executor or administrator, the court shall have the same power to cite him, and compel his appearance and examination as in case of other persons."

The 10th section of the act provides for a trial by a jury, and the 11th section provides that the judgment, in case of conviction of persons, other than executors and administrators, shall be for the chattels named; and that the court may compel a delivery thereof, by attachment, and in case the person convicted be an executor or administrator, the court shall compel him to inventory, and have the same appraised as the property of the estate.

It will be seen, that the statute provides a special summary proceeding for the recovery or discovery of specific articles of property, set forth in the statutes, which have been concealed or embezzled by a party, who has them in his possession at the time. In pursuing this special remedy, the statute must be followed, and we are not authorized to use the statute for any other purpose than the special purposes named in the act. The act is for the discovery and recovery of an article of property, or a thing concealed or embezzled by the party proceeded against, and which is in his possession. It is not for the discovery of a fact, which is unknown, and thus establishing a debt against the administrator, as the attorney for the plaintiff has argued; but the article or thing named in the affidavit must be found to be concealed, or to have been embezzled by the defendant, and when the article or chattel is found to be in the possession of a person, not an executor or administrator, the court compels him to deliver the property

or evidence of debt to the administrator or the executor, or if it is an executor or administrator who has concealed the thing named, he will be compelled to have the same inventoried and appraised, etc.

The present act under which this proceeding was had, is substantially the same as the act of 1845 on the same subject, except that the act of 1845 did not make the proceeding applicable to executors and administrators; but the nature of the proceeding and the manner of proceeding is the same under both acts in all essential particulars; except a different form of judgment is rendered against an executor or administrator, growing out of the fact that the possession of the property in such case is not to be changed, but is merely required to be inventoried.   Under the act of 1845, it has been frequently held, that no recovery could be had, unless the defendant had the possession of the thing charged to be concealed at the time the proceeding was commenced, and we think the present statute makes no change in that particular.   (Dameron vs. Dameron, 19 Mo., 317; Powers vs. Blakey, 16 Mo., 437; Howell vs. Howell, 37 Mo., 124.)

The instructions given by the court, fairly placed the case before the jury under the facts in evidence, and the law as construed in the cases above cited.   The instruction given on the part of the defendant, although not very clear and formal was substantially correct.   It follows that the instruction refused by the court was properly refused.

The judgment is affirmed; the other judges concur.