H. BROTHERTON *et al.*, Appellants, v. TENNESSEE SPENCE, Respondent.

St. Louis Court of Appeals, January 31, 1893.

Administration: PROCEEDINGS TO DISCOVER ASSETS. When a person is charged with wrongfully witholding the goods or chattels of a decedent, and is cited to appear before the probate court pursuant to section 74, of the Revised Statutes, all proceedings after his preliminary examination must take place at the instance of the executor or administrator of the estate. Accordingly, when the administrator declines to file interrogatories under section 75 of the Revised Statutes, the distributees of the estate cannot do so.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Monks, Wheeler & Woodfin*, for appellants.

*Jones, Olden & Orr*, for respondent.

ROMBAUER, P. J.—A preliminary question is raised by the defendant touching our jurisdiction. It is claimed by her that the appeal herein from the probate to the circuit court was not taken by the plaintiff, either within the term when the decision complained of was made, or within ten days thereafter, as required by section 286 of the Revised Statutes. The judgment entry made in the probate court bears no date, but it sufficiently appears from the entire transcript that the decision complained of was made at the adjourned December term of the probate court of Howell county, and that an appeal to the circuit court was taken by the defendant during that term. The question of jurisdiction must, therefore, be determined in favor of appellants.

The proceeding is one for the discovery of assets under the provisions of section 74, and following, of the Revised Statutes, and involves the construction to be placed upon section 75 as applicable to the facts shown by this record. These sections are as follows:

"Sec. 74. *Proceedings to discover assets—affidavit—citation.* If the executor or administrator, or other person interested in any estate, file an affidavit in the proper court, stating that the affiant has good cause to believe and does believe that any person has concealed or embezzled, or is otherwise wrongfully withholding any goods, chattels, money, books, papers or evidences of debt of the deceased, and has them in his possession or under his control, the court may cite such person to appear before it, and compel such appearance by attachment.

"Sec. 75. *Interrogatories to parties cited—proceedings.* If the party so cited does not admit the allegations in the affidavit, he shall be examined under oath, after which, at the instance of the administrator or

executor, other witnesses may be examined both for and against such party; but before such other witnesses shall be examined interrogatories shall be filed in writing, to be answered also in writing by the parties cited."

Subsequent sections provide for a trial upon these interrogatories and answers in a summary manner.

In the case at bar the plaintiffs, who are distributees of the decedent's estate, filed an affidavit in the probate court charging that the defendant, widow of the deceased, converted to her own use three hundred bushels of wheat, twelve hundred bushels of corn, fifty bushels of potatoes, seventy-five bushels of rye, and one horse, belonging to the estate of the deceased, and that she had the same in her possession. The defendant was thereupon cited to appear, and did appear before the probate court and was examined. The administrator declined to file interrogatories, whereupon the probate court discharged the defendant, and the plaintiffs appealed. In the circuit court the defendant appeared and testified that there was a large amount of wheat, corn and potatoes grown on the farm in the year of her husband's decease, also a crop of wheat and rye sown and growing at that time. She also testified that she took all of said property, as well as five little shoats that were not inventoried. It did not appear whether any of this property was in her possession when the affidavit was filed. The plaintiffs thereupon asked leave to file interrogatories to be answered by the defendant, and asked leave to introduce evidence showing the amount and value of the personal property thus converted by the defendant to her own use. The court denied plaintiffs' right so to do, on the ground that the administrator refused to file interrogatories as required by law, and, thereupon, dis-

missed the plaintiffs' petition. This action of the court is the error complained of.

It will be thus seen that the entire controversy turns on the proposition whether under section 75, *supra*, after a preliminary examination of the person cited is had, all further proceedings must take place at the instance of the administrator or executor, or whether the affiants may proceed with the further conduct of the inquiry and trial, whether the administrator is willing to do so or not. We conclude that the first of these propositions is the correct one. The law, as it stood prior to the amendment of 1879, did not contain the words "at the instance of the administrator or executor," although we think even then those words were implied, because it would be anomalous to carry on a controversy, touching the personal assets of the estate in the probate court, in a proceeding wherein the administrator was neither a party plaintiff nor defendant. The much litigated case of *Eans v. Eans*, 79 Mo. 53, reported under the title of *Gordon v. Eans*, on its second appeal in 97 Mo. 587, throws no light on this inquiry, because there the administrator was a party. Nor does the case of *Shaw, Adm'r, v. Groomer*, 60 Mo. 495, where the affidavit was filed by a person who had no interest in the estate, and where the probate court never acquired any jurisdiction, and, hence, the circuit court could acquire none on appeal from the probate court. Besides this proceeding can only be maintained where the identical assets are still in the hands of the party cited. *Dameron, Adm'r, v. Dameron*, 19 Mo. 317; *Howell's Ex'r v. Howell*, 37 Mo. 124. The administrator may have refused to proceed, because the identical assets were no longer in possession of defendant.

It is the duty of an administrator to inventory all

of the assets of the estate, and to file additional inventories when he discovers additional assets. For his failure to do so, he is liable upon his bond. The remedy of the affiants in this case is ample, all the more so since they specially called the attention of the administrator to the existence of these assets, which he failed to inventory. They have given him an opportunity to try the question as to whether the property mentioned is assets of the estate, and he has declined to avail himself of it. He has done so at his peril. But the court could not confer on the affiants the right to try the question in this proceeding on their own behalf, when the administrator declined to do so on his own.

The judgment is affirmed. All the judges concur.