## Pike v. Commonwealth.

May 5, 1942.

A. L. Sherman and M. G. Colson for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Claude Pike and George Martin were charged jointly with the crime of stealing a Packard automobile from James S. Golden, in Pineville. At his trial Pike was found guilty and his punishment fixed at five years' imprisonment. The grounds urged for reversal are: (1) The court erroneously instructed the jury; and (2) Pike was not represented by counsel.

The motion and grounds for a new trial were that (1) Pike did not have a fair and impartial trial; (2) counsel he had employed to represent him did not appear at his trial; and (3) the court erred in failing to appoint counsel for him and in refusing to pass the case until his counsel could be present. It can be seen that no complaint was made as to the instruction in the motion and grounds for a new trial. We have examined the instruction given by the court, however, and fail to see how it was prejudicial to Pike for the reasons hereinafter stated.

The record shows that, prior to the time of the trial on November 10, 1941, the case had been continued at Pike's request and upon his stating that he would be ready and would not ask for another continuance beyond that date. The record shows further that when his case was called Pike declined the court's offer to appoint counsel to represent him and represented himself.

Mr. Golden testified that his car was stolen from his garage and found later in a wrecked condition at Rogersville, Tennessee. I. P. Sturgill testified that he lived near Rogersville and that Pike and another boy brought him a wheel and tire from a Packard car and wanted to

pawn it to him for $2.50. The wheel and tire were identified as belonging to the Golden car. J. C. Lawson corroborated Sturgill's testimony as to Pike being one of the parties who wanted to pawn the wheel and tire. Pike's defense was that he was not with Martin on the day the automobile was stolen, that he was not in Rogersville, and that he did not get with Martin until a day or so later. The instruction merely required that if the jury believed beyond a reasonable doubt that Pike alone, or in company with Martin, stole or carried away the car, they should find him guilty. There was no occasion for an aiding or abetting instruction, since there was no evidence that either party aided or abetted the other. We have noted that Pike and Lawson were jointly indicted for the crime.

Pike declined the offer of the court to appoint counsel for him and chose to represent himself. His case had been continued once, at least, and he made no showing whatever as to why the counsel, whom he said he had employed to represent him, did not appear. The evidence was ample to sustain his conviction.

We conclude, therefore, that the judgment should be and it is affirmed.