**Roy G. COURIER, Respondent,**

**v.**

**Pauline SCOTT, Administratrix d.b.n. of the Estate of Della Courier, Deceased, also known as Della Rogers, et al., Appellants.**

**No. 47647.**

Supreme Court of Missouri,

Division No. 1.

June 13, 1960.

---

1. Now Civil Rule 83.05, V.A.M.R.

Arthur J. Kase, Richard A. Rubins, Rubins, Kase & Rubins, Kansas City, for appellants.

Harvey Burrus, Rufus Burrus, Independence, for respondent.

COIL, Commissioner.

On September 24, 1955, Roy Courier brought a declaratory judgment action averring that a dispute existed between him and defendants as to the ownership of certain personal property. Roy is the widower of Della Courier and defendants are the children of and all the heirs at law of Della. Pauline Scott, one of the children, was made a party also in her capacity as administratrix d. b. n. of Della's estate. The sole issue tried below was the ownership of $10,000 in cash and six United States Savings Bonds of a maturity value of $6,000. The trial court found and adjudged that plaintiff owned the property and ordered it delivered to him.

In the view we take of this case the facts necessary to a disposition are, we think, undisputed. Della Rogers, then a widow, married plaintiff Roy Courier in 1934 and they lived together as husband and wife until Della's death in October 1950. In March 1950 Della had in her possession $14,000 in cash which she delivered to one of her daughters, defendant Dorothy Beeman, with certain directions. Mrs. Beeman deposited $3,000 on March 7 and $10,000 on March 8, 1950, in an existing bank account in the sole name of Della Rogers. In that same month, March 1950, she purchased six United States Savings Bonds, each of a maturity value of $1,000. On May 17, 1952, the Probate Court of Jackson County appointed plaintiff administrator of the assets of the deceased Della. On May 29, 1952, the administrator filed an inventory listing as the only asset, real estate valued at $2,000. On January 10, 1955, plaintiff and his attorney talked with the president of the bank in which the Della Rogers account was located, and advised that plaintiff was the administrator of Della's estate, exhibiting a certified copy of his letters of administration, and stated that plaintiff wanted to withdraw the money from the Rogers account. As a result a check for the total amount in the account, $10,220.12 ($220.12 was in the account prior to the time the $10,000 was deposited by Mrs Beeman), was drawn payable to "Della Rogers Estate" and signed "Della Rogers, by Roy G. Courier, administrator." Then a check in the same amount was drawn, payable to the order of "For Cashier's Check" and signed by Roy Courier, administrator, Della Rogers Estate. The bank then issued its cashier's check to the order of Roy G. Courier for $10,220.12. On January 19, 1955, plaintiff filed an annual settlement in Della's estate showing that he had sold the inventoried real estate for $1,500 and expended that amount for debts, and on that same day the probate court found that the estate was exhausted and ordered that it be closed and the administrator finally discharged.

On August 20, 1955, a hearing was held in the probate court on an application for letters of administration d. b. n. in Della's

estate. The transcript of the testimony at that hearing discloses that the same general matters were inquired into as those in issue in the present case and on that date, August 20, 1955, defendant Pauline Scott was appointed administratrix d. b. n. Apparently immediately thereafter, the administratrix d. b. n. instituted a proceedings to discover assets and propounded interrogatories to plaintiff Roy Courier inquiring, inter alia, about his knowledge and disposition of the cash and the savings bonds. Answers to those interrogatories were filed and, according to the opening statement in the present trial by defendants' counsel (which statement in that respect was in no way disputed by counsel for plaintiff either at the trial, in the brief, or on oral argument here), the issues made by the interrogatories and the answers thereto were actually tried in the probate court and had ever since been under submission and undecided because of a request by counsel for defendants that the probate judge not rule inasmuch as he (defendants' attorney) did not wish the matter to "go up on a question of jurisdiction." Apparently one of the attorneys for the present plaintiff had filed in the discovery-of-assets proceedings a motion attacking the jurisdiction of the probate court to determine the issue involving the ownership of the money and bonds. In any event, as we have heretofore noted, on September 24, 1955, the present petition for a declaratory judgment was filed and, at the time of the filing thereof, plaintiff deposited with the clerk of the trial court $10,220.12.

■ An examination of the petition and pleadings in the present action makes it apparent that the only issue presented or adjudged was the legal ownership of the money and the bonds. There were no averments in the petition or the answer and there was nothing in the evidence which in any way demonstrated that the ownership issue was one of purely equitable cognizance.

It is apparent from all the foregoing that the circuit court had no jurisdiction to proceed to determine the ownership of the $10,000. That is because of the pendency in probate court of the discovery proceedings at the time the present action was instituted. That settled principle is stated in the banc case, State ex rel. Lipic v. Flynn, 358 Mo. 429, 215 S.W.2d 446. Even if we assume, without deciding, that a declaratory judgment action was a parallel, alternative, or additional remedy by which the parties might have had determined the same issue as that presented in the pending discovery proceedings, the fact remains that plaintiff properly could not seek relief by declaratory judgment in the circuit court when a discovery proceedings was then pending in the probate court (a remedy within the exclusive jurisdiction of the probate court) involving the same issue. State ex rel. Lipic v. Flynn, supra, 215 S.W.2d 451 [7]. Cf. Glueck Realty Company v. City of St. Louis, Mo., 318 S.W. 2d 206, 211 [1] [2].

■ A discovery proceedings is an action at law. In re Petersen's Estate, Mo., 295 S.W.2d 144, 146 [2]. And, as noted, there were no averments in the present declaratory judgment pleadings which converted the question of ownership of personalty to an issue of purely equitable cognizance. Thus, no issue is presented involving the extent of the probate court's equitable jurisdiction. See North v. Hawkinson, Mo., 324 S.W.2d 733.

The trial court found and apparently it is undisputed that at trial time the six bonds were in the possession of the administratrix d. b. n. There was no showing as to who had physical possession of the bonds at the time the discovery-of-assets proceedings was instituted. The interrogatories inquired as to present plaintiff's knowledge of United States Savings Bonds in the name of Della Rogers. But be that as it may and assuming that prior to the institution of the present action the bonds came into and remained in the possession of the Rogers estate and thus are not property which the estate is attempting to ob-

tain through the facility of the discovery proceedings and consequently that the circuit court's jurisdiction to proceed to determine the issue of the ownership of the bonds was not precluded by the pendency of the discovery proceedings in the probate court, still the pleadings and record in the present case conclusively demonstrate that whoever owns the $10,000 owns also the bonds, and vice versa. It appears, therefore, that for the circuit court to determine the issue of ownership of the bonds in the present action, would just as surely and effectively encroach upon the exclusive jurisdiction of the probate court in the priorly pending discovery proceedings as if the bonds, as is the money, were assets being sought by the estate in the discovery proceedings.

It follows that the judgment is reversed and the case is remanded with directions to the trial court to dismiss the action.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.