W. C. DEANE, Respondent, v. W. T. HOUSER, Appellant.

**St. Louis Court of Appeals, March 13, 1900.**

Conversion: DAMAGES: VALUE OF: MORTGAGE TAINTED WITH USURY, VOID. The court told the jury if they found that at the time the mortgage was executed to secure the loan, more than lawful interest was paid on the loan, so secured, then, the mortgage was nugatory, and they should find for plaintiff and assess his damages at the value of the piano at the time it was taken in possession by the mortgagee: Held, that the instruction was correct, and that the testimony developed a scheme concocted for the purpose of evading the usury laws of the state as the jury found, and the judgment should be affirmed.

Appeal from the Greene Circuit Court.—*Hon. James Tilford Neville*, Judge.

AFFIRMED.

*C. W. Hamlin* for appellant.

Plaintiff not being the sole owner of the property for the conversion of which he seeks to recover damages, he can not

VOL. 83 app—39

maintain this action. Mulrow v. Railroad, 62 Mo. App. 431; Deyerle v. Hunt, 50 Mo. App. 541. He could only be damaged to the extent of his interest in the property converted and a recovery by him would not bar another action by his co-owner. An action for damages for the conversion of personal property is maintainable only when it appears: First, that the plaintiff is the owner of the property; second, that the defendant holding possession of the property fails to show any lien upon it or other rights to detain it; third, that the plaintiff has demanded possession, and that this was refused before the bringing of the action. Sherman v. Commercial Printing Co., 29 Mo. App. 31; Deyerle v. Hunt, 50 Mo. App. 541. If plaintiff was entitled to recover at all in this case his measure of damages would be the value of the piano at the time that Houser took it into his possession. There was no attempt made to recover the specific property. Hendricks v. Evans, 46 Mo. App. 313; Funk v. Dillon, 21 Mo. 294; Vaughn v. Fisher, 32 Mo. App. 29; Hayden v. Smith, 31 Mo. 566; Spencer v. Vance, 57 Mo. 427; Nance v. Metcalf, 19 Mo. App. 183. There was not a syllable of testimony in the whole case showing the value of the piano at the time Houser took it into his possession. Hence, the jury was left to grope in the dark when they come to assess plaintiff's damages, and simply had to guess at its value, a thing the law does not permit juries to do. Moore v. Railroad, 28 Mo. App. 622; Miller v. Railroad, 47 Mo. App. 633. The lender of money may collect the legal rate of interest and yet his agent collect a commission off the borrower and the transaction not be usurious. Landis v. Sexton et al., 89 Mo. 375; Brown v. Archer, 62 Mo. App. 286.

*Massey & Tatlow* for respondent.

"If you believe from the evidence that the real transactions between the parties was a loan to Deane and mort-

gage to secure its payment, and that the suretyship of M. A. Mauzey and the taking of the mortgage to her was a device or scheme to evade the law with reference to usury, and that in fact the said Mauzey did at the time the mortgage was executed receive on said loan more than lawful interest for the time, to wit: more than at the rate of 8 per cent per annum, then such conduct rendered the mortgage nugatory, and you will find the issues in favor of the plaintiff and assess his damages at the value of the piano at the time defendant Houser took it in his possession. It devolves upon the plaintiff to prove the facts necessary to a recovery by a preponderance or greater weight of evidence, and unless he has so shown those declared necessary by these instructions, your verdict will be for defendant. And the jury found for plaintiff and assessed his damages at $150. The verdict and judgment is sustained by the law and the evidence, as is abundantly shown by the authorities here cited. Acts of 1891, p. 170; Fidelity Loan Co. v. Baker, 54 Mo. App. 79; Am. Rubber Co. v. Wilson, 55 Mo. App. 656; Drenan v. Dalencourt, 56 Mo. App. 128; Johnson v. Simmons, 61 Mo. App. 395; Voorhees v. Staed, 63 Mo. App. 370; Smith v. Mohr, 64 Mo. App. 39; Coleman v. White, 69 Mo. App. 530; Shirley v. Stephenson (Ky.), 47 S. W. Rep. 581.

BIGGS, J.—This is an action for damages for the alleged conversion of a piano. The defendant claimed at the trial that he had seized and sold the piano under a mortgage executed by plaintiff. The reply to this was that the debt or obligation secured by the mortgage was tainted with usury, and that consequently the mortgage was void.

There was evidence tending to prove these facts: In 1897, one W. E. Mauzey was engaged in the city of Springfield in loaning money for his clients in small sums, secured by chattel mortgages. He charged notary fees for preparing and executing the papers and also his commissions for the

loan, which amounts he deducted from the loan. He also made arrangement for renewal of loans from month to month upon the payment of monthly interest in advance. The plaintiff applied to Mauzey for a small loan and offered the piano in question as security. Mauzey had some money to loan belonging to Dr. Boyd. It seems that the latter objected to his name being used as payee in notes and he declined to accept chattel mortgages as security, but insisted on personal security. Mauzey agreed to loan plaintiff $34 belonging to Boyd, and to meet the demands of Boyd, the defendant here was made the payee in the note and the wife of Mauzey signed the note as security, and to secure her as indorser the plaintiff executed the mortgage in question. Subsequently Mauzey sold out his business to the defendant, who undertook, in consideration of the assignment of the mortgages held by Mrs. Mauzey, to protect her against liability as surety on loans made by her husband. Among the securities thus assigned was the mortgage in question. Mauzey also transferred to defendant his half interest in the sums due from plaintiff as interest, the other half going to Boyd. Plaintiff received $25 on the loan, the balance being retained by Mauzey for notary fees, commissions, and $2.50, the amount charged as interest on the loan for one month. At the end of the first month, to wit, March 15, plaintiff paid $2.50 interest on the loan for one month, and on May 15, he paid $5 for interest for the months ending May 15, and June 15, and on November 23 the defendant, as the holder of the mortgage, demanded of plaintiff $15 then claimed to be due for past due interest, which the plaintiff refused to pay. In the meantime the plaintiff had removed from Springfield and had left the piano in the custody of a third party. The defendant seized and sold it under the mortgage. There was also some proof that the defendant was not advised that his name had been inserted in the note as payee. There was also evidence

tending to prove that Mrs. Deane, the wife of plaintiff, was the owner of the piano.

Under the foregoing proof the court on its own motion instructed the jury as follows:

"1st.   The defendant, Houser, having taken the property under authority of a mortgage executed by W. C. Deane to secure a note payable by its terms to himself, is in law chargeable with the acts and conduct of William Mauzey, who negotiated a loan and under the facts in this case, can not claim that the property was not at the time of the institution of the suit the property of W. C. Deane.

"2nd.   If you believe from the evidence that the real transactions between the parties was a loan to Deane and a mortgage to secure its payment, and that the suretyship of M. A. Mauzey and the taking of the mortgage to her was a device or scheme to evade the law with reference to usury, and that in fact the said Mauzey did at the time the mortgage was executed receive on said loan more than lawful interest for the time, to wit: more than at the rate of 8 per cent per annum, then such conduct rendered the mortgage nugatory, and you will find the issues in favor of the plaintiff and assess his damages at the value of the piano at the time defendant Houser took it in his possession.   It devolves upon the plaintiff to prove the facts necessary to a recovery by a preponderance or greater weight of evidence, and unless he has so shown those declared necessary by these instructions, your verdict will be for the defendant."

The jury returned a verdict for plaintiff for $150, upon which judgment was entered.   The defendant has appealed.

The objections urged against the judgment and the instructions of the court are (1) that there was evidence tending to show that plaintiff was not the sole owner of the piano, which the court ignored in its instructions; (2) that there was no competent testimony of the value of the piano at the time of its alleged conversion; (3) that the evidence showed

that Boyd only collected legal interest, and (4) if there was a scheme to exact or collect usurious interest, there was no evidence that the defendant was a party to it. We will notice these objections in their order.

There was some evidence tending to prove that plaintiff's wife owned the piano, or had some interest in it. The court properly instructed that the defendant was estopped to allege a want of ownership in plaintiff, because he seized and sold the property as the property of plaintiff.

A witness, who was a dealer in such instruments, testified that he examined the piano a short time after the defendant sold it under the mortgage, and that it was then worth $250. Proof of the value of converted property ought not to be confined to the very time of the conversion. Testimony tending to prove its value within a reasonable time before or after the conversion is competent on the question of value.

The testimony was that interest was exacted and collected on the loan at the rate of $2.50 per month, and that Boyd was to receive one-half of it and Mauzey was to get the balance. This answers the third objection.

That usurious interest was exacted and collected there can be no question, and that the defendant subsequently became a party to the illegal transaction is conclusively shown by his letters to plaintiff's wife. On August 17 he wrote to her acknowledging the receipt of $5.00 interest for two months, and further stated that the balance of interest due to September 15 would be $7.50, which he requested plaintiff to send to him as the purchaser of Mauzey's interest in the business. On November 23 he again wrote advising her that on December 15 fifteen dollars of interest would be due, and warning her that if the debt or past due interest were not paid by that time the holder of the debt would sell the piano under the mortgage. It follows that the defendant's instructions were properly refused, and that the court was justified

in giving the second instruction, for it is fairly and legitimately inferable from the evidence that the refusal of Boyd to allow his name to be inserted as payee in the note, that he declined to accept the chattel mortgage in his name, but demanded personal security, and that the wife of Mauzey signed the note as surety and took the mortgage to secure her as such indorser, was a scheme concocted for the purpose of evading the usury laws of the state, and as the jury so found, we will affirm the judgment.   All concur.