E. W. GRANT, Administrator, Respondent, v. CHAS.
A. HATHAWAY, Appellant.

**Kansas City Court of Appeals, June 4, 1906.**

1. **PRACTICE: Pleading: Different Counts: Inconsistency.** Where
one count in a petition is nonsuited and the verdict is on the
other, the inconsistency of the two counts is no longer an avail-
able contention.

2. **CONVERSION: Pleading: Ownership.** An averment in a peti-
tion for conversion that plaintiff "was seized and possessed" of
the described property, is a sufficient statement of ownership,

3. **————: Damages: Evidence: Value.** In conversion the proof of
value ought not to be confined to the very time of the conver-
sion, but the evidence tending to show such value within a
reasonable time before or after conversion is competent; but
the proof of the purchase eleven months prior thereto standing
alone is no proof at all.

4. **ADMINISTRATION: Evidence: Will: Pleading: Order of
Court.** Where it is necessary to allege that the decedent died
testate it should be proved, but where the administrator re-
ceives his authority from the order of the probate court and
not from the will, the failure of the proof is not fatal.

Appeal from Callaway Circuit Court.—*Hon. Alexander
H. Waller,* Judge.

REVERSED AND REMANDED.

*N. D. Thurmond* for appellant.

(1) There is an improper joinder of two causes of
action in the petition. (2) The court should have sus-
tained defendant's objection to the introduction of any
evidence for the reason that the petition does not state
facts sufficient to constitute a cause of action. In the
first count plaintiff does not state that deceased was at
the time of his death the owner of the property named,

but says "he died seized and possessed of the following described personal property." Deyerle v. Hunt, 50 Mo. App. 541; Mfg. Co. v. Jones, 60 Mo. App. 219; Dillard v. McClure, 64 Mo. App. 491. A petition which fails to aver that the property was unlawfully detained is fatally defective. This petition says the defendant unjustly detains the property. Mfg. Co. v. Senn, 7 Mo. App. 584. (3) The court should have sustained defendant's instruction in the nature of a demurrer to the evidence at the close of plaintiff's case, for the reason that plaintiff had totally failed to prove the necessary allegations of his petition. There was no evidence that the property was owned by the deceased at his death. Higgins v. Railroad, 43 Mo. App. 547; Bender v. Railroad, 137 Mo. 240; Callahan v. Warne, 40 Mo. 131; Dunham v. Joyce, 129 Mo. 5; Jackson v. Hardin, 83 Mo. 175; Rottman v. Pohlman, 28 Mo. App. 399. On any theory of the case, after the first count was dismissed, the jury could not have found for the plaintiff on the second count for any sum except for the value of the corn and hay produced on the forty acres claimed by defendant as the land of his son David, and all the corn raised on the ten or twelve acres of that land and the hay raised and cut thereon would not have amounted to a hundred dollars at the market price proved by plaintiff. (4) There is no evidence to support the fourth instruction given on behalf of the plaintiff. The second count on its face shows that plaintiff sued for the value of the two mules that had been sold by defendant to Dunn Brothers and to Vivion. He sues in replevin for five mules in the first count, one of the mules having died in December, 1903, leaving only five mules including the two that had been sold. At the time the suit was commenced there were only three mules in defendant's possession, and at the death of Hathaway there were only four mules.

*David H. Harris* and *Robert McPheeters* for respondent.

(1) Appellant is fighting a man of straw purely. Plaintiff had the right to dismiss as to the first count at any time before the cause was finally submitted to the jury. R. S. 1899, sec. 639; Atkinson v. Carter, 101 Mo. App. 477. (2) Appellant attacks the sufficiency of the petition on the ground that it does not state that the deceased was at the time of his death the owner of the property named, but, instead, says that "he died seized and possessed" of same. Even if this was an action in replevin, the above would be a sufficient allegation of ownership. Knipper v. Blumenthal, 107 Mo. 670. The expression used was equivalent to and is in fact an averment of ownership. In the Standard Dictionary (Funk & Wagnalls) the word "seized" is defined: "To invest with possession by virtue of the freehold estate therein." Willard v. Twitchell, 1 N. H. 178; McMillian v. Hutcheson, 4 Bush (Ky.) 611; Coke, Litt., 153a; Sheldon v. Hoy (Sup. Ct. Gen. T.), 11 How. Pr. (N. Y.) 11; 21 Ency. of P. & P., p. 1068, note 1; Bouvier's Law Dictionary; Wilcoxsen v. Dorr, 139 Mo. 675; Knipper v. Blumenthal, 107 Mo. 670; Bosse v. Thomas, 3 Mo. App. 478; McDonald v. Mangold, 61 Mo. App. 291; Estes v. Shoe Co., 155 Mo. 577; Rogers v. Ins. Co., 93 Mo. App. 24. (3) Under the third point of this brief appellant complains because the trial court refused to sustain his demurrer to the evidence. There was abundant testimony to sustain the verdict. Temple v. Railway, 83 Mo. App. 64; Dodd v. Guiseffi, 100 Mo. App. 311; Williams v. Railway, 153 Mo. 487; Everman v. Eggens, 106 Mo. App. 732; Veale v. Green, 105 Mo. App. 182. (4) There was abundant evidence to warrant the giving of instruction numbered 4, on the part of plaintiff. Allen v. McMonagle, 77 Mo. 481; Sherman v. Printing Co., 29 Mo. App. 31; Noffsinger v. Bailey, 72 Mo. 216.

BROADDUS, P. J.—The plaintiff, as administrator of the estate of D. S. W. Hathaway, instituted suit against the defendant on two counts; the first is in the nature of a replevin for certain personal property, and the second for the conversion of the same property. Before the case was finally submitted to the jury, the plaintiff took a nonsuit as to the first count, and the cause was submitted on the second count. The finding and judgment were for the plaintiff, from which defendant appealed.

The defendant has renewed in this court the contest he waged in the trial court as to the inconsistency of the two counts, but as the first is no longer in the case his argument has no longer any force.

The second count of the petition alleges that the deceased, D. S. W. Hathaway, at the time of his death was seized and possessed of six mules, two sets of harness, one buggy, a lot of farming utensils, and hay and corn, all of the value of $1,502. Following this allegation the petition states: "The defendant, being in possession of said goods, chattels and personal property, disposed of the following portions of the same, to-wit: two mules of the value of $280 and corn and hay of the value of $600," etc. The defendant also contends that the allegation in said count, that the deceased at the time of his death "was seized and possessed" of the property is not a sufficient statement of ownership. The word "possessed" in the sense in which it was used means "owned," that is, that the deceased was the owner of the goods at the time. [Words and Phrases Defined, vol. 6, p. 5463.] "Seized" means possession and ownership in the sense used. [Idem, vol. 7, p. 6396.] We do not think the point well taken, as the words used are sufficient to constitute an averment of ownership.

The undisputed facts are, that in the latter part of the year 1903, or the beginning of the next year, D. S. W. Hathaway, an old man, came from the State of

Iowa and bought a tract of land known as the Henry Tyler land, containing 120 acres, and it was conveyed to him. Soon thereafter, he bought another tract adjoining the Tyler land containing 160 acres, which he caused to be conveyed to the defendant; and he then had defendant to convey forty acres of the last named tract to David S. W. Hathaway, that being not only the name of deceased but also of a little son of the defendant. There was evidence to the effect that deceased always signed his name D. S. W. Hathaway and went by the name of Stanley among his old friends and was never called David, while his grandson was called by deceased and others David. But there was direct testimony to the effect that D. S. W. Hathaway, Senior, was intended as the grantee. There was a balance of $1,600 of the purchase price unpaid on the residue of the 160-acre tract, to secure which defendant executed a deed of trust. The deceased placed defendant in the house on the Tyler farm and employed a man by the name of Hughes to work on the farm and board defendant and his son, the defendant being a widower. At the same time, deceased bought four work mules, for which he paid $550, and sent them to the farm by said Hughes. About the same time, defendant bought two mules, for which his father paid $282.50. There was no house on defendant's land nor on the forty-acre tract mentioned. The defendant took possession of the mules and all the land mentioned, and cultivated ten or twelve acres in corn on the forty acres and from thirty to forty acres in corn on the Tyler tract, and cut hay from both the latter and the forty-acre tract. Deceased sent some farm machinery from his home in Bloomfield, Iowa, to the farm and during the summer he gave defendant several checks for money and paid said Hughes for his work, except one payment of $99 paid by defendant out of the proceeds of a sale of one of said mules made by him. In the sale of this mule, defendant represented that he was acting by the authority of the deceased. On

August 21, 1903, defendant sold another one of the mules, as he claimed, by authority of deceased.

D. S. W. Hathaway died August 25, 1903. In a short time after his death, a Mr. McConnell, who had been appointed administrator of his estate, went to Callaway county for the purpose of looking after decedent's property. He took an inventory of decedent's property, in which was included only two mules, but he did not designate which. At that time, defendant claimed the mules, the corn and hay grown on the forty acres deeded to David S. W. Hathaway, and half of the hay and corn grown on the Tyler tract. In December, one of the mules died. In February, plaintiff was appointed by the Callaway County Probate Court administrator of the estate, whereupon he proceeded to take an inventory of the property, at which time defendant claims he delivered to plaintiff his share consisting of the crops, 320 bushels of corn being one-third of the crop grown, and one-half of the hay, which plaintiff received and sold. The evidence did not show which two of the six mules were sold by defendant during the lifetime of his father. One died afterwards, leaving three, one of which was conceded to belong to the defendant. The plaintiff recovered for the value of two, but there is nothing to show which two. There was no evidence as to the value of the mules at the date of their alleged conversion in February, 1904. And the only evidence of value that could have been considered by the jury was the price paid for them in March, 1903, eleven months previously.

The defendant objects to the fourth instruction given on behalf of the plaintiff, for the reason that there was no proof of the value of the mules. The objection is well taken. Whereas proof of value of converted property ought not, it is said, be confined to the very time of the conversion, but evidence tending to prove its value within a reasonable time before or after its

conversion is competent evidence of value. [Deane v. Houser, 83 Mo. App. 609.] It seems to us, proof of the purchase eleven months prior to the date of conversion would not, standing alone, be any evidence whatever upon the issue. The other objection to the instruction is, that the petition shows on its face that the suit is for the value of two mules that had been sold during the lifetime of the senior Hathaway. If it does, we have been unable to detect it, but we are of the opinion that it does not. The petition claims that defendant converted five mules bought from two different parties. All the six mules were bought from these two parties and how the defendant can, under the statement, make his contention good is beyond our comprehension.

The plaintiff alleges that Hathaway, Senior, died testate, but he offered no proof of the fact. Whether the provisions of the will would have anything to do with this contest, we cannot, of course, tell, but if it was a necessary allegation, it was necessary to prove it. However, as the plaintiff did not derive his authority by will, but by the order of the probate court, the failure of proof in that respect was not fatal to plaintiff's case.

We find no other error in the case and as it will have to be reversed for the error in refusing plaintiff's fourth instruction, we suggest that, if there is to be a retrial, plaintiff should amend his petition and include all the necessary averments in one count without referring to the abandoned count. Reversed and remanded. All concur.