FIFTH-THIRD NATIONAL BANK, Respondent, v. PHILIP H. McCRORY et al., Appellant.

Kansas City Court of Appeals, June 14, 1915.

1. BILLS AND NOTES: Collateral: Amount of Recovery: Burden of Proof. In an action against the maker on notes endorsed by the payee to the plaintiff before maturity, as collateral security for a debt, the payee owes the plaintiff, if the maker has a good defense against the payee, the plaintiff can only recover the amount of the secured debt. And the burden is on him to show the amount of such debt.

2. PRESUMPTION: Knowledge of Fact. A party litigant who is in possession of knowledge of the fact whether a debt from a third party is still owing him, must show the fact. He cannot be permitted to show that two and a half years prior to the trial the debt was owing to him and invoke a presumption that the debt still is owing at time of the trial.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

REVERSED AND REMANDED.

*Casey & Wright* and *Calvin & Rea* for appellant.

*Ellis, Cook & Barnett* for respondent.

ELLISON, P. J.—Plaintiff claims to be the endorsee, in due course, of four negotiable promissory notes executed by defendants to the "Combined Distillers of Kentucky," each for $160.67, and each dated April 4, 1908, due respectively September, April, May and June 10th thereafter. The judgment in the trial court was for the plaintiff.

It was conceded at the trial that two of the notes were unpaid, but as to the others defendants' claim was that they had been paid to the payee before plaintiff acquired them, except, perhaps, a nominal amount, and that plaintiff was not a good faith holder for value, in due course. Plaintiff claims to have acquired the notes from the Distillers Company before they were due as collateral security for advances of money loaned to that company. The case was before this court on another occasion and will be found in 164 Mo. App. 144, where the facts, as then involved, are stated.

The facts upon which the result of the present appeal depends are simple: The notes having been paid by defendants to the Distillery company and plaintiff only claiming to hold them as collateral security for an antecedent debt, it could only recover the amount of that debt and the burden was on the plaintiff to prove such debt and the amount of it. [Johnson v. Grayson, 230 Mo. 380, 403-407; Link v. Jackson, 158 Mo. App. 63; Bank v. Hanks, 142 Mo. App. 110.] For it must be clear, that if defendants paid the notes to the Distillery Company and they must now pay again to plaintiff as an innocent endorsee, they should not pay more than it is entitled to receive on its principal debt.

Plaintiff claims that it made such proof in the deposition of its supervisor of loans. It may be conceded that the deposition did show that the notes were acquired by plaintiff from the Distillery Company in good faith, before they were due, as collateral security for a loan made to the company and that no part of

such loan had been paid; and that that company was insolvent and in the hands of a receiver. But defendants call attention to the fact that the deposition was taken two and one-half years before the trial of the case, and therefore it was not proof that plaintiffs had not received payment in whole, or in part, after the deposition was taken and before the trial. Plaintiff responds to this by insisting that though the evidence related to a condition existing two and a half years anterior, yet the evidence is sufficient, under the rule of law that a condition shown once to have existed will be presumed to continue until the contrary appears.

The law as to the presumption of the continuance of things or conditions shown to have once existed, is frequently stated in such general terms as to be confusing and misleading. The application of a presumption of continuance of the condition of things depends upon what they are. If the things are such as in their nature are not continuous, then there is no presumption. The presumption, itself depending on the nature of things, should never be allowed such application as will oppose the nature of such things. Certain conditions in the affairs of men, or things, may be renewed from time to time and have no continuity. Others are likely, in the general order, to continue, and usually do continue for a longer or shorter period, and the force, or persuasiveness, of the presumption of their continuance depends upon information, observation and experience.

But there is an inquiry, which we think, stands as a reason in the way to an affirmance of the judgment. It is this: Has plaintiff a right to ask the aid of a presumption? A fundamental rule of evidence is that which requires a litigant to put his best foot forward. It is laid down in Greenleaf's Evidence, volume 1, section 82, that "A fourth rule which governs in the production of evidence is that which requires the best evidence of which the case in its nature is susceptible.

This rule does not demand the greatest amount of evidence which can possibly be given of any fact; but its design is to prevent the introduction of any which, from the nature of the case, supposes that better evidence is in the possession of the party. It is adopted for the prevention of fraud; for when it is apparent that better evidence is withheld, it is fair to presume that the party had some sinister motive for not producing it, and that, if offered, his design would be frustrated. The rule thus becomes essential to the pure administration of justice. In requiring the production of the best evidence applicable to each particular fact, it is meant that no evidence shall be received which is merely substitutionary in its nature, so long as the original evidence can be had.''

A presumption is only allowed from necessity, to prevent a failure of justice, in cases where the litigant has nothing better. It is not allowed when the party seeking its indulgence knows, or has evidence of the actual fact. That is, when a litigant does not need it, he should not ask it. [Burge v. Railroad, 244 Mo. 76, 94-96; Tetwiler v. Railroad, 242 Mo. 1. c. 194.; Glassman v. Harry (not yet reported), 170 S. W. 403.] Those were cases where the facts were drawn out in evidence. But the reason must necessarily apply where the facts are in the knowledge of the party and witnesses and are kept back. In Mockowick v. Railroad, 196 Mo. 550, 571, the Supreme Court said that whether reliance was placed upon certain ordinances was a fact susceptible of proof as other facts, and should be proved by the best evidence of which the case would admit. And that the plaintiff in that case, of all men, knew what the facts were, and, having declined to speak, he should not be allowed to invoke the aid of a friendly presumption.

Plaintiff's witness in charge of its loan department, and plaintiff itself, had personal knowledge of the fact whether all, or any part, of the Distillery

Company's debt was unpaid at the time of the trial. They had knowledge of all the facts, and it seems idle to say that they should have the assistance of a presumption of a matter the truth of which they have actual knowledge. A supposable instance will well illustrate the correctness of this view. Plaintiff's witness, as already stated, was its superintendent of loans in charge of its loan to the Distillery Company, for the payment of which the notes in controversy are claimed to have been pledged as collateral. Suppose, at the trial, he had been asked, directly, if the Distillery Company owed it that loan, and he had answered that the Company did owe it two and one-half years prior to the trial. Would the witness have been allowed to suppress or conceal his knowledge of present actual conditions and state a condition so long in the past? Would plaintiff have been permitted to say that such an answer proved the indebtedness existed at the trial? And would not such an unnatural and unreasonable course be suggestive of a fraudulent necessity to conceal the truth as it existed at the trial?

It is scarcely necessary to add that we have not a case involving that class of presumptions arising in cases presenting the feature, *res ipsa loquitur;* which, in effect, are instances where proof of one thing is proof of another thing following from the first.

Nor are we dealing with that class of cases where a creditor proving his debtor's obligation to him, the burden is on the debtor to show subsequent payment or discharge. In such instance the debtor must know whether he has paid his debt. But the question we have in this case, is whether a *third* person has paid his debt to one who is seeking to recover the amount of it from another who is said to owe such third person; the nature of the case being that the party so endeavoring to recover knows whether the third person has paid the debt to him and the other party does not know. In such instance, reason and law place the burden on

plaintiff of showing such indebtedness was owing to him.

The judgment is reversed and the cause remanded. All concur.