Mary E. EDLEN, Administratrix of the Estate of W. A. Tweed, Deceased (Plaintiff), Respondent,

v.

Lucile TWEED (Defendant), Appellant.

No. 29528.

St. Louis Court of Appeals.

Missouri.

Nov. 7, 1956.

Earl L. Veatch, Monticello, for appellant.

J. Andy Zenge, Jr., Canton, for respondent.

# 400

HOUSER, Commissioner.

This is a proceeding for the discovery of assets under § 462.400.[1] On November 29, 1954 Mary E. Edlen, Administratrix of the Estate of W. A. Tweed, Deceased, filed the statutory affidavit against her stepmother, Lucile Tweed, charging that the latter had concealed, embezzled and unlawfully withheld property, or the proceeds thereof, belonging to the estate, namely, 26 certain head of cattle, an automobile, 500 bushels of corn, 20 bushels of wheat, 300 bales of hay, certain farm machinery, and a promissory note for $300. A citation issued and Lucile Tweed entered her appearance. Interrogatories were filed and answered. In her answer to the interrogatories Lucile Tweed admitted that the automobile, some horse-drawn machinery and the $300 note were individually owned by W. A. Tweed and that she had had them in her possession or under her control after his death; denied that she still had any of the listed items in her possession or control; denied that she had disposed of any items which belonged to the estate of W. A. Tweed at the time of disposal; claimed that under an order of the probate court the estate was found to be no greater in amount than that to which she was entitled by law, and that the court directed her as widow "to take said estate as her own." Administratrix filed no reply to the answer. These issues were tried before the Probate Court of Clark County which found that the above listed property belonged to the estate and ordered the party cited to deliver to administratrix all of said items "now remaining in her possession," except the automobile. On appeal the circuit court, sitting without a jury, found that W. A. Tweed was the owner of the above listed property and the value of each item thereof at the time of the death of W. A. Tweed; that the party cited took possession and wrongfully withholds the property (except the automobile), or the proceeds thereof, from administratrix; and ordered the party cited to deliver the named items of property to administratrix, or pay to her the ascertained value of the various items, and further ordered that "if none of said property is in the possession or control of said defendant, Lucile Tweed, she shall pay to (administratrix) the sum of $6,058.33" (the total value of the several items as of the date of the death of W. A. Tweed). From that judgment the party cited has appealed to this court.

W. A. Tweed died intestate July 27, 1951, survived by his widow, Lucile, and three children by a predeceased wife. On August 11, 1951 Lucile Tweed was appointed Administratrix of the Estate of W. A. Tweed. On October 11, 1951 the probate court made an order dispensing with further administration and setting aside one automobile of the value of $1,000 as the absolute property of Lucile Tweed upon her representation that she had ascertained and determined that the personal property of the estate consisted only of the automobile, of no greater value than the amount allowed by law as the absolute property of the widow. On February 2, 1953 the probate court set aside the order dispensing with administration, declared Lucile Tweed to be an improper person to act as administratrix and removed her as such, found reasonable grounds to believe that there were unadministered assets of the estate and appointed Mary E. Edlen, one of the children of W. A. Tweed, as administratrix.

To establish that W. A. Tweed owned the property in question at the time of his death administratrix introduced in evidence Plaintiff's Exhibit A, a written document dated August 6, 1951, signed by Lucile Tweed and the three surviving Tweed children, by the express terms of

1. All citations refer to R.S.Mo.1949. See Appendix, Former Probate Laws, Vol. 26A V.A.M.S. § 462.400. § 462.400, R.S. Mo.1949 is now § 473.340, V.A.M.S., Laws 1955, p. 385, § 128.

which all of the parties signatory agreed that the property in question was the personal property of W. A. Tweed. This document was drawn in a lawyer's office in the presence and at the request of the widow and three children of W. A. Tweed, who told the lawyer that they had arrived at an agreement for the settling of their conflicting interests in the property and estate of W. A. Tweed and that they wanted him to write an agreement embodying the terms of their agreement. (It should be explained that Exhibit A, which fixed the rights of the four signatories at a one-fourth interest in the estate and property of W. A. Tweed and provided for a sale and division of the proceeds, was abandoned later and that neither party to this controversy now relies upon the agreement as determinative of any interest in the property). Exhibit A was introduced in evidence by administratrix solely as an admission against interest by the party cited that the property belonged to W. A. Tweed. Administratrix also presented evidence that the above listed several items of personal property were located on the Tweed farm at the time of Tweed's death and that the party cited lived on the farm and had possession of said personal property immediately after Tweed's death. Evidence of the reasonable market value of each item of the property as of the time of Tweed's death was given by a witness called by administratrix.

Lucile Tweed, who remained on the farm about five weeks after the death of her husband, conceded that at the time of his death and immediately thereafter the personal property in question was on the farm and in her possession, and that she had never turned over the property or the proceeds of any of the property to administratrix. She did not, however, testify whether she had disposed of or was still in possession of all or any part of the property. She established that she and W. A. Tweed carried a joint checking account in the Bank of Monticello. A

banker testified that Mr. and Mrs. Tweed had borrowed money at the bank to buy livestock. On cross-examination he testified that W. A. Tweed alone signed the notes with which to raise money to buy cattle, and that Tweed himself paid off the notes after sales of cattle. Upon paying off the notes Tweed would deposit the balance in the joint account. Lucile Tweed testified that the cattle on the farm at the time of her husband's death "had not been there long;" that they were purchased in southern Missouri and Arkansas and paid for by check on the joint bank account. Three checks, drawn by W. A. Tweed on the Bank of Monticello, dated March 21, 1951, April 18, 1951 and April 23, 1951, for $1,447.98, $523.31 and $2,086.88, the first two of which were payable to Clark Sales Co. and the last of which was payable to Pocahontas Sales Co., respectively, were introduced in evidence.

Lucile Tweed testified that she was "forced" to sign Plaintiff's Exhibit A; that although she was not threatened with bodily harm, one of the daughters did threaten that if she did not sign it the daughter would "never have anything more to do with her;" that she did not know her rights in the estate of her husband and had not been advised with reference thereto at the time she signed Exhibit A.

Administratrix produced rebuttal evidence that no such threats were made and that the conversation in the lawyer's office was "in a friendly tone."

Taking the position that all of the property now belongs to her by right of survivorship as the surviving joint tenant, appellant makes the point that the findings and judgment of the circuit court are not supported by and are contrary to the law under the evidence.

Appellant first claims that in the enactment of § 462.400 the General Assembly did not intend to supplant the common law actions of trover and replevin;

that the statutory procedure applies only in cases in which the party cited was in the possession of assets of the deceased *at the time the action was instituted*; that if property of an estate is converted *before* proceedings under § 462.400 are commenced, the common law action of trover and conversion is the only remedy. This point must be disallowed. The claim of an administrator or executor under § 462.400 is substantially the same as a cause of action in trover or conversion. State ex rel. Lipic v. Flynn, 358 Mo. 429, 215 S.W.2d 446. It was not necessary that the disputed assets be in the possession or under the control of the party cited at the time of the filing of the affidavit under § 462.400. State ex rel. Lipic v. Flynn, supra; White v. Fitzgerald, Mo. App., 263 S.W.2d 454; In re Weingart's Estate, Mo.App., 170 S.W.2d 972; Davis v. Johnson, 332 Mo. 417, 58 S.W.2d 746. Procedure under § 462.400 is available to the administrator or executor in case of a conversion of the assets of an estate whether the conversion occurs before or after the filing of the affidavit.

■■ Appellant asserts that there was a failure of proof in that administratrix did not establish that the title to the property was vested alone in W. A. Tweed at the date of his death or in his estate on November 29, 1954. Appellant mistakenly assumes that administratrix had the burden of proof on the issue of sole ownership. When administratrix made a prima facie case of sole ownership, which she did by the introduction of Exhibit A, she thereby placed the burden of proof upon appellant to establish that the property was not owned by W. A. Tweed individually at the time of his death but was jointly owned by him and appellant. See In re Oberman's Estate, Mo.App., 281 S.W.2d 549; Roelofson v. Whitten, Mo.App., 249 S.W. 688, and cases cited; Denny v. Brown, Mo.Sup., 193 S.W. 552;

Spencer v. Barlow, 319 Mo. 835, 5 S.W.2d 28; In re Martin's Estate, 219 Mo.App. 51, 266 S.W. 750; Cremer v. May, 223 Mo.App. 57, 8 S.W.2d 110; In re Van Fossen, Mo.App., 13 S.W.2d 1076. Appellant did not carry that burden. Our review of the evidence convinces us that W. A. Tweed was the sole owner of the property in question and that appellant has no right thereto as a surviving joint tenant.

■■ We are also of the opinion that the court below properly convicted appellant of wrongful withholding. On October 11, 1951 appellant, who some two months previously had signed a document acknowledging that the disputed assets belonged to the estate of her deceased husband, represented to the probate court that the assets of the estate consisted only of one Ford automobile of the value of $1,000, of no greater value than the amount allowed by law as the absolute property of the widow. Upon this showing she procured an order setting aside the automobile to her as her absolute property, and dispensing with further administration. A person in possession of the personal property of another is guilty of conversion when he makes an unfounded claim or assertion of ownership or title thereto, inconsistent with and exclusive of the owner's rights therein. Blum v. Frost, 234 Mo.App. 695, 116 S.W.2d 541. By her acts on October 11, 1951 appellant was guilty of conversion of the disputed assets.

■■ We find no warrant in law, however, for the judgment and it cannot stand. The form of a judgment under § 462.430 upon a conviction of concealing, embezzling or wrongfully withholding personal property of a decedent depends upon whether the party convicted still has the property in his possession or under his control.[2] If so, the judgment is for de-

---

2. § 473.350 of the New Probate Code, Laws 1955, p. 385, § 131, which con-

forms to the case law as it existed when the instant case arose, indicates with

livery of the property detained.[3] If not, the judgment is a money judgment for the value of the property from the time of the wrongful withholding. In either event, there must be a finding on the question. The absence of this essential element invalidates the judgment, and would avoid a contempt judgment based thereon. White v. Hutton, Mo.App., 240 S.W.2d 193, loc. cit. 203. There is no authority under § 462.430 to enter a judgment granting both types of relief in the alternative (for delivery of the property or for the payment of money), depending upon an essential but unascertained fact (whether the party cited has or does not have possession or control of the property).

■ Since the court had no authority to render the particular judgment the judgment should be reversed and the cause remanded for a new trial. On the new trial the propriety of the institution of this proceeding, the fact that the disputed assets were the sole property of the deceased, and the fact that the party cited converted the property on October 11, 1951 and was then guilty of wrongful withholding may be taken as established. More than five years having elapsed since the party cited is shown to have had the property in her possession or under her control, respondent should thoroughly explore the question whether she is still in possession of any of the disputed assets, not only to provide the basis for the entry of a judgment proper in form, but also to avoid any question about the persistence of the presumption of continued possession. See Missouri Power & Light Co. v. City of Bucklin, 349 Mo. 789, 163 S.W. 2d 561; 31 C.J.S., Evidence, § 124, p. 737; § 124 b (3) p. 744; Fifth-Third Nat. Bank v. McCrory, 191 Mo.App. 295, 177 S.W.

1058; Howell v. Howell, 37 Mo. 124; Roelofson v. Whitten, supra. If appellant no longer has possession or control of the property administratrix should establish the value of the property *as of the time of the conversion,* Pantz v. Nelson, 234 Mo.App. 1043, 135 S.W.2d 397; Roll v. Fidelity Nat. Bank & Trust Co. of Kansas City, Mo.App., 115 S.W.2d 148; 89 C.J.S., Trover and Conversion, § 168, p. 645, and not as of the time of the death of W. A. Tweed. While generally proof of the value of converted property ought not to be confined to the very time of the conversion, and evidence tending to prove value within a reasonable time before or after its conversion is competent evidence of value, Grant v. Hathaway, 118 Mo.App. 604, 96 S.W. 417; Deane v. Houser, 83 Mo.App. 609, proof of the value of cattle (which constituted the bulk of the value of this estate) two and one-half months prior to the conversion may not be regarded as having been made within a reasonable time before the conversion. See Dietrich v. Hannibal & St. J. R. Co., 89 Mo.App. 36.

■ Upon affirmative proof that the party cited is still in possession of the property and if she refuses to deliver it to administratrix, the former may be compelled by attachment of her person for contempt to deliver the property to administratrix and can be committed to jail until she complies with the order of the court. § 462.430. Or, upon refusal of the party cited to deliver property detained, administratrix can waive or disregard the punitive attachment feature of § 462.430 and ask for a judgment for the value of the assets as for conversion, State ex rel. Lipic v. Flynn, supra; Davis v. Johnson, supra, provided she shall have proved the value of the personal property *as of the*

more particularity than does § 462.430 the nature of the judgment which can be rendered in this type of proceeding.

3. Unless the party cited refuses to deliver

possession, and the plaintiff waives the penalty section and asks for judgment as for conversion, or other judgment suitable to the finding and not involving commitment. Davis v. Johnson, supra.

*time of the conversion.* Such a money judgment, upon such proof, may also be rendered if the party cited does not have possession of the property at the time of the judgment.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the Circuit Court of Clark County is, accordingly, reversed and the cause remanded with directions to the trial court to proceed in accordance with the opinion of the court.

ANDERSON, P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.